Seward, J.
(orally).
The case of the Central Ohio Paper Company vs the Postal Printing Company is submitted to the court upon a motion directed to the answer and cross-petition of Ilerzog.
This is a suit to marshal liens and foreclose a chattel mortgage. ITerzog files an answer and sets up a note.. The receiver says, or charges the fact to be, that- the note set up by Herzog has been paid. He does not say how or when, and the motion is directed to that particular feature of the answer, requiring him to state how and when it was paid. • ■
The court does not think that the motion was well taken, and overrules the same. The receiver might not have the means of knowing the manner of payment, or just when. The court is not just as clear upon that proposition as it might be. In April, .1908, the law governing the refiling of chattel mortgages was changed by the Legislature, making it three years itístead of one, in reference to the re-filing of the mortgage, and the question is which law governs — the law at the time that the mortgage was first filed, or executed, or whether the law that went into force some years afterwards. The court thinks that the law that went into force afterwards governs in this matter, and follows a decision of Judge Kinkead in 9 N.P.(N.S.), 126:
“Chattel mortgages on file on April 28, 1908, the date of the taking effect of 98 O. L., 230, amending Section 4155 (8565, General Code) by changing the periods of refiling such mortgages from one to three years, are governed by the provisions of this amendment, and are not rendered invalid by failure to refile them within the one year period in force at the time they were executed. ’ ’
I will not go into the reasoning of Judge Kinkead, but the court thinks that the opinion is a good one, and controls in this 'case.
The demurrer will be sustained. Motion to make more definite and certain overruled.